DANTE T. PRIDE (SBN 262362)
**THE PRIDE LAW FIRM**
2534 State Street, Suite 411
San Diego, California  92101
Telephone: 619-516-8166
Facsimile: 619-422-1341

Attorneys for Plaintiff
DMITRIY LEVSHIN

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DMITRIY LEVSHIN, | Civil No.: 11cv3018 JM(RBB) |
| Plaintiffs, | **FIRST AMENDED COMPLAINT FOR:** |
| v. | **1. DEPRIVATION OF CIVIL RIGHTS, 42 U.S.C. § 1983 (FAILURE TO TRAIN, DEPRIVATION OF MEDICAL CARE, FAILURE TO PROTECT)**<br>**2. NEGLIGENCE** |
| SAN DIEGO SHERIFF'S DEPARTMENT UNKNOWN AND UNNAMED OFFICERS; COUNTY OF SAN DIEGO, Operator of San Diego County Sheriff; NATALIE CLAYTON,  individually and in her official capacity as Parole Agent, ALL UNKNOWN AND UNNAMED DEFENDANTS, individually and in their official capacity as employees of each government entity, and DOES 1 through 100, inclusive, | |
| Defendants. | |

## I.

### PRELIMINARY STATEMENT

1.      Come now the plaintiff, DMITIRY LEVSHIN for cause of action against the

defendants, SAN DIEGO SHERIFF'S DEPARTMENT UNKNOWN AND UNNAMED

OFFICERS; COUNTY OF SAN DIEGO, Operator of San Diego County Sheriff; NATALIE

CLAYTON,  individually and in her official capacity as Parole Agent, ALL UNKNOWN AND

UNNAMED DEFENDANTS, individually and in their official capacity as employees of each

government entity, and DOES 1 through 100, inclusive, for their deprivation of his civil rights as

1   guaranteed under the Fourth, Eighth and Fourteenth Amendments of the United States

2   Constitution and violation of Title VII of the Civil Rights Act, 42 U.S.C. §§ 1983 and 1988.

3   Plaintiff seeks immediate discovery due to the large number of unknown Defendants.

4          2.      Plaintiffs allege that Defendants named herein and their agents, servants and

5   employees, deliberately disregarded the constitutional rights of Plaintiff and acted grossly

6   negligently, and/or with malice, and/or with deliberate, and/or by policy or design, proximately

7   causing the serious injury of Plaintiff, and in support thereof would show this Honorable Court as

8   follows:

9                                                   **II.**

10                              **JURISDICTION AND VENUE**

11         3.      The Court has jurisdiction over this action.  Defendants, and each of them, are

12  located or reside in the State of California.  Plaintiff DMITIRY LEVSHIN is a resident of the

13  County of San Diego, State of California.  Subject matter jurisdiction is conferred under 28

14  U.S.C. § 1331 in that this action raises a question of federal law.

15         4.      Venue in this district is based upon 28 U.S.C. § 1391, subd. (b) in that the events

16  giving rise to Plaintiff's claims occurred in San Diego County, and conduct of Defendants which

17  forms the basis of this action occurred in San Diego County.

18         5.      Plaintiff is informed and believes, and thereon alleges, that Defendant COUNTY

19  OF SAN DIEGO was, at all times relevant hereto, the owner and operator of SAN DIEGO

20  SHERIFF'S DEPARTMENT, the entity that supervised, controlled and managed the San Diego

21  Central Jail, located at 1173 Front Street, San Diego, California, 92101.

22         6.      Plaintiff is informed and believes, and thereon alleges, that Defendant NATALIE

23  CLAYTON was, and at all times relevant hereto, an employee of THE STATE OF CALIFORNIA

24  DEPARTMENT OF CORRECTIONS AND REHABILITATION as a parole agent who, in her

25  duties, supervised, monitored and managed Plaintiff's activities in San Diego County.

26         7.       Plaintiff is informed and believes, and thereon alleges, that UNKNOWN

27  DEFENDANTS were, at all times relevant hereto, San Diego Sheriff's officers or other

28  employees at the San Diego Central Jail, owned and operated by Defendant COUNTY OF SAN

DIEGO, located at 1173 Front Street, San Diego, California, 92101.

8.      The true names and capacities of Defendants herein named as DOES 1 through 100 are unknown to Plaintiff, who therefore sues said Defendants, and each of them, by such fictitious names.  Plaintiff will amend this Complaint to show their true names and capacities when same have been ascertained.  Plaintiff is informed and believes, and thereon alleges, that each of the Defendants designated herein as DOES were responsible in some manner for the events and happenings herein referred to and negligently and/or by deliberate indifference caused injuries and damages proximately thereby to the Plaintiff as herein alleged.

9.      Plaintiff is informed and believes, and thereon alleges, that Defendants DOES 1 through 100 were employed as parole, police, or sheriff's officers or other personnel by any of the named Defendants, working within San Diego County.

10.      Plaintiff is informed and believes, and thereon alleges, that UNNAMED DEFENDANTS, and DOES 1 through 100 were employed by Defendants and at all times alleged herein were acting within the scope and of their agency and under color of law through said employment, agency, and service.

11.      Prior to the date of the filing of this Complaint, Plaintiff filed timely claims against all named governmental entities pursuant to the requirements elucidated in the pertinent sections of the California Government Code.   Plaintiff's claims were all denied.  The claims and denials are attached hereto as Exhibit A.

**III.**

**STATEMENT OF FACTUAL ALLEGATIONS**

12.      The foregoing paragraphs of this complaint are incorporated herein by reference as if fully set forth at length in this paragraph. The following statement of facts and allegation herein are based upon the information and belief of Plaintiff.

13.      At the above-mentioned time, and at all previous times relevant hereto, Plaintiff DMITIRY LEVSHIN was suffering from a chronic mental illness and required psychiatric medication each day.

14.      Plaintiff's Parole Agent, Defendant NATALIE CLAYTON knew of Plaintiff's

mental illness.

15.     Plaintiff sought permission from Defendant CLAYTON to obtain a "medical marijuana" card pursuant to California's Compassionate Care Act.  Defendant CLAYTON allowed Plaintiff to obtain the card.

16.     Pursuant to California Health & Safety Code §11362.795(b)(1), Defendant CLAYTON was duty-bound to update Plaintiff's written conditions of parole to reflect her decision to grant Plaintiff the right to a medical marijuana card.

17.     Despite knowledge of this fact, Defendant CLAYTON failed to carry out her duties as Plaintiff's parole officer and update his written conditions of parole.  Defendant CLAYTON's conduct created an extremely dangerous situation for Plaintiff – who Defendant CLAYTON knew was mentally fragile, unhealthy, and prone to suicide attempts while in custody.

18.     Defendant CLAYTON's failure to update Plaintiff's written conditions of parole placed Plaintiff in a distinctly more vulnerable position – as Plaintiff was subject to detainment and arrest for being a felon in possession of marijuana – despite Defendant CLAYTON's special relationship with Plaintiff as his parole officer.

19.     On or about December 27, 2010, at approximately 7 p.m., Plaintiff, who was at the time 24 years of age and on California Youth Authority parole, was contacted by La Mesa Police Department police officers for smoking marijuana.  Although Plaintiff possessed a valid "medical marijuana" card pursuant to California's Compassionate Care Act, La Mesa Police officers decided to arrest Plaintiff because Plaintiff's written conditions of parole did not reflect Plaintiff's legal right to possess a medical marijuana card; as granted by his parole agent Defendant CLAYTON.

20.     After Plaintiff's detention and arrest Plaintiff was transferred to the San Diego County Jail – Central Division.  Plaintiff's parents – Oleg and Yelen Livshin – who were at the time Plaintiff's legal guardians, were informed of Plaintiff's incarceration at or about 9-10 p.m.

21.     Plaintiff's parents immediately became alarmed and attempted to contact Defendant CLAYTON and Defendant CLAYTON's supervisor regarding Plaintiff's incarceration.  Plaintiff's parents were so alarmed because of Plaintiff's aforementioned mental

illness, his need to take his medication, and his prior attempts at suicide while in police custody.

22.     Defendant CLAYTON failed to respond to Plaintiff's parents' repeated attempts to contact her.

23.     After arriving at the San Diego Central Jail, despite Plaintiff's well-documented history of suicidal tendencies and attempts at suicide while in custody, Plaintiff was not taken to see a medical professional, was not segregated from other inmates, was not put in a protective cell, and was not otherwise given any provisions for his well-documented mental disabilities.

24.     Officers in San Diego County Central Jail had access to Plaintiff's jail history and history of suicide attempts and mental illness.  Officers did not help Plaintiff.

25.     Instead, Plaintiff was ridiculed, harassed, intimidated and subjected to verbal abuse by UNNAMED DEFENDANT Sheriff's Officers.  Things that the officers said AND repeated to Plaintiff included: "You're going to the big house now."  "Now you've really done it.  You're going to prison and never going to get out."  "You're going to jail to get raped by big muscular Black guys."  "They're going to love you in prison!"  "You're in trouble now!"

26.     After an entire night and day of ridicule and harassment, not being allowed to take his required daily medication, not being segregated from other inmates and not being placed on suicide watch, Plaintiff attempted suicide at or around 4 p.m. on December 28, 2010.

27.     At the time of Plaintiff's suicide attempt, Plaintiff had been in custody nearly 24 hours without his medication, without contact with his parole agent – who ok'd his use of his medical marijuana card – without contact with his guardians, without ANY sort of medical treatment and/or evaluation, without any suicide precautions being taken, and after being ridiculed and threatened by Defendants UNKNOWN and UNNAMED Sheriff's Officers.

28.     Plaintiff's suicide attempt to escape his harassers – by jumping off of a second or third story terrace, face-first, caused Plaintiff significant and life-long damage.

29.     The above-described failure by ALL DEFENDANTS to provide Plaintiff with the proper medical treatment while in custody, the failure to follow the laws designed to protect Plaintiff, the failure to check with his parole officer regarding plaintiff's documented mental illness, failure to administer plaintiff's needed medication and the use of intimidation and

harassment was egregious and unjustified, and was a flagrant violation of plaintiff's basic civil rights.

**IV.**

**FIRST CLAIM FOR RELIEF—TITLE 42 U.S.C. SECTION 1983**

**(Individual Defendants; Including UNKNOWN and UNNAMED SHERIFF'S OFFICERS)**

30.     The foregoing paragraphs of this complaint are incorporated herein by reference as if fully set forth at length in this paragraph.

31.     At all times mentioned herein, Defendant CLAYTON was the parole agent charged with monitoring and protecting Plaintiff while on parole.  As well, at all times mentioned herein, UNKNOWN AND UNNAMED Sheriff's Officers were charged with protecting Plaintiff while he was in their custody and providing Plaintiff with needed medical attention.

32.     During all times mentioned herein, the individual defendants acted under color and pretense of law, under color of the statutes, ordinances, regulations, policies, practices, processes, customs, usages, and/or practices of the supervisory defendants. The individual defendants herein deprived Plaintiff of the rights, privileges, and immunities secured to him by the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution and the laws of the United States.

33.     Plaintiff alleges that the acts and/or omissions of Defendants and their agents, servants, and employees constituted deliberate indifference to plaintiff's clearly established constitutional rights and gross negligence, and were the proximate cause of plaintiff's injuries and resulting damages. In particular, Defendants' failure to administer medical aid and/or protection to Plaintiff and the ridicule and threats which resulted in the suicide attempt and consequent injuries.

34.     On December 27-28, 2010, Defendants, without justification, refused Plaintiff medical treatment and/or evaluation, despite knowledge of Plaintiff's mental illness.  Further, UNKNOWN AND UNNAMED Defendant Officers exacerbated any mental defect and/or deficiency with their egregious conduct.  Defendants also failed to protect Plaintiff while Plaintiff was in their custody.  The individual UKNOWN and UNNAMED defendants deprived Plaintiff

of the rights, privileges, and immunities secured to him by the Fourth, Eighth and Fourteenth Amendments to the United States Constitution and the laws of the United States.

## V.

### SECOND CLAIM FOR RELIEF—TITLE 42 U.S.C. SECTION 1983

### (TRAINING AND SUPERVISION)

### (Against Defendant COUNTY OF SAN DIEGO)

35.     The foregoing paragraphs of this complaint are incorporated herein by reference as if fully set forth at length in this paragraph.

36.     By reason of the foregoing, the COUNTY OF SAN DIEGO – as supervisor of the San Diego Sheriff's Office and therefore the UNNAMED and UNKNOWN Sheriff's deputies – had direct oversight responsibility for the individual guards / employees involved in the harassment and verbal abuse of Plaintiff and/or the non-segregation of a mentally ill inmate and/or the failure to offer medical aid or evaluation, acted with reckless disregard and deliberate indifference in the training, supervision, investigation, and discipline of the defendant guards / employees causing or permitting the injury, and near death of Plaintiff in violation of Title 42 U.S.C. Section 1983.

37.     Defendant COUNTY OF SAN DIEGO'S practice of refusing to offer medical care for at-risk inmates until "something goes wrong" was carried out by the UNNAMED and UKNOWN officers to the detriment of Plaintiff.

38.     As well, Defendant COUNTY OF SAN DIEGO's policy of allowing its Sheriff Deputies to harass, threaten and demean inmates.

39.     As a direct and proximate result of said violations, Plaintiff suffered the damages described herein in an amount to be determined at trial

/ / /

/ / /

/ /

## VI.

### THIRD CLAIM FOR RELIEF—TITLE 42 U.S.C. SECTION 1983

### (FAILURE TO PROVIDE MEDICAL TREATMENT)

#### (Against All Defendants)

40.     The foregoing paragraphs of this complaint are incorporated herein by reference as if fully set forth at length in this paragraph.

41.     The Defendants herein, without justification, permitted plaintiff to be left unreasonably without medical attention.  They also allowed Plaintiff, a mentally unstable inmate, to be housed in general population and to be ridiculed and harassed by officers.  Defendant CLAYTON'S failure to carry out her job duties as to Plaintiff assisted in depriving Plaintiff of his right to medical treatment.  Because Plaintiff was in the Defendants' custody, care, and control, they had a duty to render medical assistance to him.

42.     The Defendants curtailed access to such medical assistance to Plaintiff by their refusal to evaluate Plaintiff's medical condition, take into consideration his well-documented previous attempts at suicide in custody, failure to obtain medical treatment and/or consultation with a medical profession, failure to provide Plaintiff with his medication, and their harassment and ridicule of a mentally ill inmate.  As a direct and proximate result thereof, Plaintiff suffered severe physical and mental anguish and injury from the delay by Defendants who also provided Plaintiff with the means and opportunity to attempt suicide.

## VII.

### FOURTH CLAIM FOR RELIEF – GOVERNMENT CODE § 820

### (NEGLIGENCE)

#### (Against All Individual Defendants; including UNKNOWN AND UNNAMED SHERIFF'S OFFICERS Defendants)

43.     Plaintiff realleges and incorporates by reference each and every allegation stated above as though fully set forth herein.

44.     By the failures outlined above on Plaintiff, All Individual Defendants, Named and UNNAMED, and DOES 1-100, and each of them, were negligent and breached their duty of due

care owed to Plaintiff.

45.     As a direct and legal result of the aforesaid negligence and carelessness of the defendants, Plaintiff suffered nearly fatal and very serious injuries.

46.     As a direct and legal result of the aforesaid negligence and carelessness of the defendants, Plaintiff suffers from mental, physical, economic and emotional damage in an amount in excess of the minimal jurisdictional limits of this honorable court.

## REQUEST FOR JURY TRIAL

Plaintiff requests a trial by jury of all issues triable as a matter of right by a jury.

**WHEREFORE**, Plaintiff prays for judgment against defendants, and each of them as to each and every cause of action, as follows:

1.     For general damages as proven at the time of trial;

2.     For economic damages;

3.     For punitive damages and exemplary damages for all causes of action;

4.     For costs of suit;

5.     For attorney fees pursuant to 28 U.S.C. § 1988,

6.     For prejudgment interest; and

7.     For such other and further relief as the court may deem just and proper

Dated:  September 20, 2012                    THE PRIDE LAW FIRM


By:____/s/ Dante T. Pride, Esq._____
   Dante T. Pride
   Attorneys for Plaintiff
   DMITIRY LEVSHIN

THE PRIDE
LAW FIRM

11cv3018 JM(RBB)